[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S POSTJUDGMENT MOTION FOR MODIFICATION OF ALIMONY (MOTION NO. 161)
A judgment of dissolution of the parties' marriage was entered on May 24, 1994 before the Honorable George Thim. An agreement of the parties was entered into on that date, was submitted to the court, was found to be fair and equitable by the Court and judgment was entered in accordance with that Agreement. The Agreement provided for a base payment of alimony in the amount of $7,916.67 per month ($95,000 per year), and as additional alimony, ten percent (10%) of his earned income, excluding deferred income, in excess of Four Hundred Fifty Thousand Dollars ($450,000).
At the time of the decree, the plaintiff filed a financial affidavit which reported monthly net earnings of $10,302. His contemplated income for 1994 was $450,000. In fact he earned $537,921. (See defendant's exhibit 2.)
At the time of the decree of dissolution, the plaintiff was an investment banker at Bear Stearns in New York City. He is now Senior Managing Director at Bear Stearns. His gross income for the year 2002 was $806,123. If one compares the plaintiff's monthly net income as reported in his 1994 financial affidavit of $10,304 with his net monthly income reported in his 2002 financial affidavit of $22,184, the plaintiff's income has doubled. This certainly constitutes a substantial change in circumstances.
The court has considered the indicia of § 46b-82 of the General Statutes and rules that the provisions regarding alimony continue to be fair and equitable. The parties contemplated that the plaintiff would earn in excess of $450,000 each year and agreed that the defendant should receive 10% of all excess over $450,000.
The motion for modification of alimony is denied.
 EDGAR W. BASSICK, III JUDGE TRIAL REFEREE
CT Page 4163
[EDITORS' NOTE: This page is blank.] CT Page 4164